## PERRIN ET AL V. BENSON.

1. **Taxation :** NEGLECT TO LEVY. If the levy of a tax which has been authorized in the manner provided by law is not made at the proper time, through negligence or mistake, it may be made at the time fixed by law for making the succeeding tax levy.

2. ——— : ——— : SCHOOL HOUSE TAX. Section 1778 of the Code, prescribing the time and manner in which a school tax shall be levied, is directory merely, and a failure of the board of supervisors to levy the tax in the time prescribed is not fatal thereto.

*Appeal from Franklin District Court.*

WEDNESDAY, OCTOBER 23.

THE plaintiffs are tax payers and owners of real estate in said county, and bring this action to restrain the collection of certain taxes. The petition states that sub-district No. 8, in the district township of Clinton, at the annual meeting in 1875, "voted to raise, or asked the district township to raise, one thousand five hundred dollars for building a school house; that the district township electors voted to raise one thousand dollars" for such purpose; "that the board of directors then estimated the amount of the excess asked for by said sub-district over and above the amount voted by the electors of the

district township, and the district secretary so certified to the board of supervisors as provided by law; that the board of supervisors proceeded to levy said tax, but for some reason unknown to your petitioners only levied the tax voted by the district township electors, although they might have levied a part at least of the tax as certified on this particular sub-district, without exceeding the limit allowed by law, to-wit : fifteen mills on the particular sub-district asking for the tax;" that the board of supervisors, in 1876, without any additional certificate than the one furnished them the previous year, proceeded to and did levy the omitted tax on the assessment of 1875; that plaintiffs, since the time the levy should have been made, have purchased certain real estate, and are prejudiced by the levy of the said tax.

An injunction was granted. Afterward a demurrer to the petition was sustained, and the injunction dissolved. The plaintiffs appeal.

*King & Henley*, for appellants.

*McKenzie & Hemmingway*, for appellee.

SEEVERS, J.—As we understand, the question for determination is, where the authority of the board of supervisors is full and complete, and it is their duty to levy school-house taxes at the proper time in 1875, and they neglect to do so, whether they have the power to make such levy in 1876, at the time provided by law for levying taxes.

1. TAXATION: neglect to levy.

No technical objections are interposed to the consideration of this question on the merits. It was the duty of the board to make the levy in 1875, at the time of levying other taxes. Code, § 1778. This statute, under the decisions of this court, must be held to be directory. *Hill et al. v. Wolfe et al.*, 28 Iowa, 577; *Easton v. Savery*, 44 Id., 654.

We are unable to see that any prejudice resulted to the plaintiffs by the failure to levy the tax in 1875. If it had

been averred in the petition that the plaintiffs had no notice at the time they purchased the real estate of the voting of the tax, and certifying the same, it is possible it could be said they were prejudiced by the action of the board. Failing to so aver the presumption must be indulged that they had such notice. Having knowledge of the facts the only remaining question was one of law.

The case of *Hill v. Wolfe*, before cited, is decisive of the question under consideration unless the power of the board to make the levy expired with the year 1875. There is no statute so providing, nor are we aware of any rule or principle which requires us to so hold.

As it was the duty of the board of supervisors to make the levy, *mandamus* would lie to compel the performance of such duty. Suppose this course to have been taken, a disposition of such action in all probability could not have been obtained during 1875. If not the compulsory levy could not have been made earlier than 1876.

The power of the board does not depend on the compulsory order, but on the statute and rules of law applicable thereto. Instead of applying for *mandamus*, parties in interest waited until the proper time of levying taxes in the succeeding year, and then requested the board to perform their duty, or the board voluntarily proceeded to do what they had failed to do the previous year. It does not follow, because this tax could be lawfully levied in 1876, that it could be levied in 1880, or any year after the former; for it might be well said, if no levy was made in either 1875 or 1876, or any steps taken to compel one, or any expression of a desire or intent to insist on the tax, that it should be regarded as waived or abandoned.

We do not determine at what time the tax will be deemed waived because of a failure to make a levy at the time provided by law. What we do hold is, that where a levy is not made at the proper time, through negligence or mistake, it

may be made at the time fixed by law for making the succeeding tax levy.

AFFIRMED.